**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, | ) ) ) ) ) | No. 15-cv-4636 |
| Plaintiffs, | ) ) | Judge: Thomas M. Durkin |
| v. | ) ) | Magistrate Judge: Gilbert |
| COTTAGE GROVE GLASS, INC., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME & PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT IN SUM CERTAIN

NOW COME the Plaintiffs, by and through their attorneys, and, in their Response to Defendant's Motion for Extension of Time & Plaintiffs' Renewed Motion for Default Judgment in Sum Certain, state as follows:

1. This is Plaintiffs' third lawsuit against Defendant. See 14 CV 243 (N.D. Ill., Kendall, J.); 14 CV 8362 (N.D. Ill., Pallmeyer, J.). After signing its Collective Bargaining Agreement with Glaziers Local Union No. 27 in September 2013, Defendant immediately fell delinquent in its fringe benefit contributions to the Plaintiff Funds and never came current.

2. On multiple occasions, Plaintiffs attempted to afford Defendant the opportunity to repay its contributions over time, through various repayment agreements, but Defendant consistently failed to live up to its obligations under those agreements. See Ex. A (personal judgment against Patricia King, Defendant's president, for breach of installment note, in 14 CV 243; corporate and personal judgment, for breach of settlement agreement, in 14 CV 8362).

3. Defendant's present condition is such that two of its Glazier-employees went without their cash wages for a combined six weeks. Local 27 had to claim on Defendant's wage and welfare bond, which might otherwise have gone to address the contribution delinquency, so that these workers could meet their families' living expenses. See Ex. B (M. Cook Decl.)

4. Additionally, Plaintiffs recently discovered Defendant never contributed to the International Union of Painters & Allied Trades' Funds, as also required under the Local 27 CBA. The International Funds are auditing Defendant and will, presumably, shortly file their own lawsuit against Defendant. See Ex. B.

5. Plaintiffs filed their Complaint in this case, seeking an ERISA fringe benefit contributions audit of Defendant, and a judgment for any amounts determined to be due by the audit, on May 27, 2015.

6. Plaintiffs served Defendant with the Complaint on June 5, 2015. At the time of service of the Complaint, defense counsel in this case had already represented Defendant in the Funds' case before Judge Pallmeyer for five months.

7. Prior to defense counsel's appearance in the instant matter, he and Plaintiffs' counsel discussed Defendant's 2015 delinquency status on numerous occasions.

8. Plaintiffs moved for a default judgment against Defendant in this case on August 3, 2015. Defense counsel appeared in person at the motion hearing, on August 11, and received until September 1 to answer.

9. On August 31, 2015, the day before Defendant's answer was due, defense counsel moved to withdraw his appearance "[d]ue to developments in this and other cases in which counsel had previously represented Defendant," and sought a further extension of time for

Defendant to answer the Complaint "in accommodation of the added time [Defendant] will require to retain new counsel and familiarize them with the case."

10. Plaintiffs believe the "developments" Defendant references to be the judgment entered in the case before Judge Pallmeyer. Contrary to counsel's representation, however, that is not a case where he "represented" Defendant. Rather, he continues to represent Defendant in that case, presently seeking to amend and/or vacate the judgment entered therein. And, if defense counsel may continue to represent Defendant in that action, there is no apparent reason why he cannot continue to do so in this case.

11. Defendant has up to a roughly $76,000.00 receivable from Gilbane Building Company. (Plaintiffs say "up to" in that unpaid material suppliers' claims would reduce the receivable, and Defendant's last receivable obtained by the Funds was nearly halved by such material suppliers' claims). Plaintiffs served a citation to discover assets on Gilbane pursuant to their judgment from Judge Pallmeyer.

12. If the Funds were able to obtain the Gilbane receivable, and Defendant's final Ujamaa Construction receivables, barring reductions for material suppliers, the Funds would be able to address most of Defendant's base contribution delinquency, though their liquidated damages, audit costs, and attorneys' fees, incurred over two years, would go uncompensated.

13. Defendant, by the filing of its motion to amend and/or vacate before Judge Pallmeyer, and its motion to extend in this case, to prevent a new judgment attaching, seeks to unlock at least a portion of the Gilbane receivable. Thereby, Defendant hopes to divert the monies owed for its own purposes, even as it fails to pay its workers their cash wages and to contribute to the Funds on their behalf, and while knowing that it cannot possibly hope to ever cure its contribution delinquency.

14. Contrary to Defendant's assertion, fairness in this case does not involve affording an extension of time to answer. New counsel can only determine what Defendant and current defense counsel already know: there is no defense to Plaintiffs' claim. Rather, fairness requires the entry of an immediate default judgment in Plaintiffs' favor.

15. According to the Declaration of Richard J. Wolf, his firm's audit of Defendant revealed arrearages totaling $62,127.90. Ex. C. Defendant has never disputed the accuracy of the audit's calculations, nor contested that any amount of the audit's findings are due and owing.

16. According to the Declaration of Andrew S. Pigott, Plaintiffs' incurred $25,920.00 in post-suit attorney fees. Ex. D.

WHEREFORE, Plaintiffs ask this Court to enter the Order attached to this Motion as Exhibit E.

Respectfully submitted,

**TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS**

By: s/ Andrew S. Pigott
      One of their Attorneys

Donald D. Schwartz
Andrew S. Pigott
**ARNOLD AND KADJAN**
203 N. LaSalle St., Ste. 1650
Chicago, Illinois 60601
(312) 236-0415